IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JUN 27 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOHN C. CAMPER, *et al.*,

Plaintiffs,

v.   Civil Action No. 2:11cv157

CELESTE C. MANNING, *et al.*,

Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Celeste C. Manning's, individually and as Attorney-in-Fact for Donald Clarke, Deceased ("Attorney-in-Fact"), Motion to Dismiss Count I of the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); and Defendant Celeste C. Manning's, individually and as Executrix for the Estate of Donald Clarke ("Executrix"), Motion to Dismiss Count II of the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6). These matters have been fully briefed and are now ripe for judicial determination. For the reasons stated herein, Defendant's Motion to Dismiss Count I of the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) is **GRANTED in part** and **DENIED in part** and Defendant's Motion to Dismiss Count II of the Complaint pursuant to Rule 12(b)(6) is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This case involves a dispute over the management and execution of assets of the estate of Donald Clarke ("Mr. Clarke"). On June 14, 2004, Mr. Clarke established a revocable *inter vivos*

1

trust, entitled The Donald Clarke Family Trust, and executed his Last Will and Testament. *See* Compl. Exs. B, C. The trust instrument for The Donald Clarke Family Trust identified the beneficiaries of the trust as Mr. Clarke's deceased wife Claudine S. Camper's ("Mrs. Camper") daughter, Celeste C. Manning ("Defendant"), and the children of Mrs. Camper's two deceased children, Jennifer C. Smith and Thomas B. Camper. The children of Mrs. Camper's deceased children comprise the Plaintiffs in this case. The trust instrument also listed Defendant as Trustee and directed Defendant to accumulate the income and retain the principal of the trust during Mr. Clarke's lifetime. Compl. Ex. C Art. 2. Mr. Clarke's Last Will and Testament listed Defendant as Executrix of Mr. Clarke's estate and directed that all the rest and residue of Mr. Clarke's estate be poured over into The Donald Clarke Family Trust and disposed of in accordance with the provisions of the trust instrument. Compl. Ex. B, at 2. Under the trust instrument, upon Mr. Clarke's death, the Trustee was to distribute the remaining principal, along with any accumulated income as follows: two thirds (2/3) to Defendant; and one third (1/3) to Plaintiffs in equal shares. Compl. Ex. C Art. 3 § A.1.

On August 1, 2005, Mr. Clarke executed a Durable Power of Attorney (the "DPOA") under Section 32A-8 of the North Carolina General Statutes, listing Defendant as his Attorney-in-Fact and giving her the power to act in his name, place and stead in any way in which Mr. Clarke, himself, could act. Compl. Ex. H Art. 1, Art. II § B. Among other powers, the DPOA granted Defendant the power to make gifts of Mr. Clarke's real or personal property or interest in such property to the living issue of Ms. Camper and their spouses, "in amounts not to exceed the annual exclusion for federal gift tax purposes at the time the gifts are made." Compl. Ex. H Art. 1 § B.10. According to Plaintiffs, Defendant Attorney-in-Fact made gifts to herself from Mr.

2

Clarke's estate totaling $11,000, $297,000, $192,000, $192,000, $192,000, and $208,000, in 2004, 2005, 2006, 2007, 2008, and 2009, respectively. Compl. ¶¶ 51-56. However, the annual exclusion amount for federal gift taxes was only $11,000, $11,000, $12,000, $12,000, $12,000, and $13,000, for 2004, 2005, 2006, 2007, 2008, and 2009, respectively. Compl. ¶¶ 51-56. Accordingly, Plaintiffs allege that Defendant, acting as Attorney-in-Fact, breached her fiduciary duty to adhere to the express terms of the DPOA and Plaintiffs seek for the Court to order Defendant to pay to The Donald Clarke Family Trust, the full value of the excess gifts, plus pre and post-judgment interest. Compl. ¶¶ 60-61. Plaintiffs also allege that Defendant, as Executrix, had a fiduciary duty to recover all debts due to the estate, including the value of the excess gifts. Compl. ¶ 63. Accordingly, Plaintiffs request that Defendant be ordered to pay the estate of Donald Clarke the value of the excess gifts, plus pre and post-judgment interest, to be distributed to The Donald Clarke Family Trust. Compl. ¶ 65.

Mr. Clarke died as a resident of Greensboro, North Carolina on March 12, 2009, at which time The Donald Clarke Family Trust terminated and its assets became distributable. Compl. ¶¶ 12, 32; Ex. C Art. 3 § A.1. On March 11, 2011, Plaintiffs filed this suit against Defendant, Celeste C. Manning, individually and in her capacity as Attorney-in-Fact for Donald Clarke, Deceased, alleging a cause of action for Breach of Contract and Fiduciary Duty; and against Defendant, Celeste C. Manning, individually and in her capacity as Executrix for the Estate of Donald Clarke, alleging a cause of action for Breach of Fiduciary Duty. On May 2, 2011, Defendant filed the instant Motion to Dismiss Count I of the Complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6); and the instant Motion to Dismiss Count II of the Complaint for failure to state a claim, pursuant

to Rule 12(b)(6). Plaintiffs filed an Opposition to Defendant's Motions on May 13, 2011. Defendant filed a Reply in Support of her Motions on May 16, 2011 and requested a hearing on these matters on May 23, 2011. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process. Accordingly, these matters are now ripe for judicial determination.

## II. LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. Unless a matter involves an area over which federal courts have *exclusive* jurisdiction,[1] a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Furthermore, Article III of the United States Constitution limits a federal court's jurisdiction to actual "cases or controversies." U.S. Const. art. III, § 2, cl. 1. The "case or controversy" requirement encompasses the doctrine of standing. The standing requirement is met where the following three components are satisfied: "(1) the plaintiff must allege that he or she suffered an actual or threatened injury that is not conjectural or hypothetical, (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision must be likely to redress the

---

[1] *See* 28 U.S.C. § 1333 (federal courts have exclusive jurisdiction to hear admiralty, maritime, and prize cases); 28 U.S.C. § 1334 (federal courts have exclusive jurisdiction to hear bankruptcy cases and proceedings).

4

injury." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Further, "[t]he party attempting to invoke federal jurisdiction bears the burden of establishing standing." *Id.*

The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and moving party is entitled to prevail as matter of law. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

**B.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as

5

true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 557).

## III. DISCUSSION

### A. Count I: Breach of Contract and Fiduciary Duty

Defendant, both individually and in her capacity as Attorney-in-Fact for Donald Clarke, Deceased, argues for dismissal of Count I of the Complaint under Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), Defendant alleges that Plaintiffs lack standing to bring a claim for relief for Breach of Contract and Fiduciary Duty based upon Defendant's alleged violation of Article I § B.10 of the DPOA. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 2-5. Specifically, Defendant argues that Plaintiffs, as beneficiaries under Mr. Clarke's will, had no legal interest in the transactions alleged to have occurred prior to his death on March 12, 2009. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 2-3. According to Defendant, only Mr. Clarke and his personal representative may bring a cause of action to impeach personal property transfers made

during Mr. Clarke's lifetime. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 3-4.

Because Mr. Clarke was a resident of Greensboro, North Carolina at his death, all matters concerning the administration of his estate are governed by North Carolina law. *See Denny v. Searles*, 143 S.E. 484, 494 (Va. 1928). Under North Carolina law, Defendant's alleged breach of the terms of the DPOA when she conveyed gifts to herself in amounts exceeding the annual exclusion for federal gift tax purposes created a cause of action for breach of contract or breach of fiduciary duty as to Mr. Clarke during his lifetime. *See Holt v. Holt*, 61 S.E.2d 448, 452 (N.C. 1950) ("When a person is induced by fraud or undue influence to make a conveyance of his property, a cause of action arises in his favor, entitling him, at his election, either to sue to have the conveyance set aside, or to sue to recover the damages for the pecuniary injury inflicted upon him by the wrong."). At Mr. Clarke's death, his cause of action passed to those who succeeded to his rights, i.e. his personal representative. *Id.* Even still, Mr. Clarke's legatees or distributees have standing to sue "to recover personal assets of an estate when fraud, collusion, or a refusal to sue on the part of the personal representative renders such action necessary for the protection of ultimate rights accruing to them under a will or the statute of distribution." *Id.*; *see also Spivey v. Godfrey*, 129 S.E.2d 253, 254 (N.C. 1963) ("Pending the administration of an estate, it is well settled that title to personal property of an intestate vests in his administrator and not his next of kin. Therefore, it necessarily follows that the administrator, and not creditors or next of kin, is the proper party to bring an action to collect a debt due the estate or to recover specific personal property. . . . To this general rule, however, there are certain exceptions. If the administrator has refused to bring the action to collect the assets; if there is collusion between a debtor and a personal representative--particularly if the latter is insolvent; or, if some other peculiar

circumstance warrants it, the creditors or next of kin may bring the action which the personal representative should have brought." (internal citations omitted)).

In Count I, Plaintiffs are suing Defendant, individually and as Mr. Clarke's Attorney-in-Fact, based upon conduct which allegedly violated the terms of the DPOA. In general, Plaintiffs, as distributees under Mr. Clarke's Will by way of The Donald Clarke Family Trust, do not have standing to raise claims for breach of contract or breach of fiduciary duty against Defendant. *See Holt*, 61 S.E.2d at 452. This right is ordinarily reserved for Mr. Clarke's personal representative. However, in this case, Mr. Clarke's personal representative is also the same person who allegedly wrongfully gifted assets from the estate. Accordingly, the personal representative is not only in collusion with the alleged debtor, but the two are one in the same. In such a situation, the Court finds that under the exceptions articulated in *Holt* and *Spivey*, Plaintiffs, as distributees under The Donald Clarke Family Trust and consequently, under Mr. Clarke's Will, may bring a cause of action for breach of contract and fiduciary duties for acts occurring prior to Mr. Clarke's death in place of the personal representative. Thus, Plaintiffs have standing to maintain a cause of action against Defendant, both individually for breach of contract[2] and as Attorney-in-Fact for breach of fiduciary duties, based upon the allegedly excessive gift transfers made during Mr. Clarke's lifetime.

Defendant also argues for dismissal of Count I under Rule 12(b)(6), alleging that Plaintiffs' claims are barred by the statute of limitations set forth in the North Carolina Non-

---

[2]Defendant also argues for dismissal of Count I in her individual capacity, claiming that Plaintiffs do not raise any specific allegation of wrong doing against Defendant except in her representative capacity as Attorney-in-Fact. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 5. However, Plaintiffs' claim for breach of contract may be brought against Defendant in her individual capacity.

Claim Statute, N.C. Gen. Stat. § 28A-19-3(a).[3] Def.'s Mem. Supp. of Mot. To Dismiss Count I at 5-6. Defendant alleges that because Plaintiffs' claims arose prior to Mr. Clarke's death, but were not presented to Mr. Clarke's personal representative prior to July 15, 2009, the deadline set forth in the general notice to creditors, Plaintiffs' claims are forever barred. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 6. Defendant further alleges that Plaintiffs' claims for excessive gifts from 2004 to 2008 are barred by the general statute of limitations contained in N.C. Gen. Stat. § 1-52 because the suit was filed more than three (3) years after the occurrence of the alleged excess gifts. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 6.

Defendant's reliance on N.C. Gen. Stat. § 28A-19-3(a) as the applicable statute of limitations is misplaced. Section 28A-19-3(a) bars claims *against* a decedent's estate, not claims to recover debt on behalf of the decedent's estate. This case involves a claim to recover debt for the estate based upon allegations of breach of contract and fiduciary duties under the DPOA. The personal representative of a decedent's estate, or in this case Plaintiffs who assume the role and duties of personal representative due to the special circumstances articulated above, may raise a contractual claim to the same extent that the decedent could have raised the same claim during his lifetime. *See* N.C. Gen. Stat. § 28A-18-1. Because the claim raised in Count I is based in contract, the applicable statute of limitations is three years. *See* N.C. Gen. Stat. § 1-

---

[3]N.C. Gen. Stat. § 28A-19-3(a) provides: "All claims against a decedent's estate which arose before the death of the decedent, . . . which are not presented to the personal representative or collector pursuant to G.S. 28A-19-1 by the date specified in the general notice to creditors . . . are forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent."

9

52(1).[4] Under North Carolina law, "[a] cause of action for breach of contract accrues at the time of the breach which gives rise to the right of action." *U.S. Leasing Corp. v. Everett, Creech, Hancock, and Herzig*, 363 S.E.2d 665, 669 (N.C. Ct. App. 1988).

In this case, Plaintiffs have alleged six separate breaches based upon excess gifts gifted during 2004, 2005, 2006, 2007, 2008, and 2009. Plaintiffs have not provided any details about the specific dates during each year on which the excessive gifts took place. Thus, the Court will presume, for the purposes of this Motion, that the date of breach was the close of each calendar year, which provides for the most expansive statutory period. Accordingly, the limitations periods accrued on December 31, 2004 and expired on December 31, 2007 for the 2004 breach, accrued on December 31, 2005 and expired on December 31, 2008 for the 2005 breach, accrued on December 31, 2006 and expired on December 31, 2009 for the 2006 breach, accrued on December 31, 2007 and expired on December 31, 2010 for the 2007 breach, accrued on December 31, 2008 and will expire on December 31, 2011 for the 2008 breach, and accrued on December 31, 2009 and will expire on December 31, 2012 for the 2009 breach. Plaintiffs filed this cause of action on March 11, 2011. Accordingly, only the claims based upon the excess gifts for 2008[5] and 2009 were filed within the applicable statutory period. Thus, the Court finds that Plaintiffs' claims based upon the excess gifts that Defendant allegedly received during 2004, 2005, 2006, and 2007 are barred by the three-year statute of limitations.

---

[4] N.C. Gen. Stat. § 1-52(1) provides: "Within three years an action . . . Upon a contract, obligation or liability arising out of a contract, express or implied . . ."

[5] Should the facts later reveal that the alleged excess gifts for 2008 took place prior to March 11, 2008, the Court may later determine that Plaintiffs' claim based on the excessive gifts in 2008 are also barred.

Accordingly and for the reasons stated above, Defendant's Motion to Dismiss Count I of the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED in part** and **DENIED in part**. The Court finds that Plaintiffs have standing, as distributees under Mr. Clarke's Will, to assert claims for breach of contract and breach of fiduciary duty related to the excess gifts taken from Mr. Clarke's estate. However, Plaintiffs' claims based on excess gifts for 2004 to 2007 are barred by the applicable statute of limitations. Therefore, Defendant's motion to dismiss is **GRANTED** as to Plaintiffs' claims based on the gifts received from 2004 to 2007, but **DENIED** as to Plaintiffs' claims based on the gifts received in 2008 and 2009.

### B. Count II: Breach of Fiduciary Duty

Defendant, both individually and in her capacity as Executrix for the Estate of Donald Clarke, argues for dismissal of Count II of the Complaint under Rule 12(b)(6). Again, Defendant argues that Plaintiffs' claims against Defendant for failure to recover all debts legally due to the estate are barred by the North Carolina Non-Claim Statute, N.C. Gen. Stat. § 28A-19-3(a). Def.'s Mem. Supp. of Mot. To Dismiss Count II at 3. Defendant alleges that because Plaintiffs' claims arose prior to Mr. Clarke's death, but were not presented to Mr. Clarke's personal representative prior to July 15, 2009, the deadline set forth in the general notice to creditors, Plaintiffs' claims are forever barred. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 3-4. Defendant further alleges that Plaintiffs' claims in Count II are barred by the general statute of limitations contained in N.C. Gen. Stat. § 1-52 because the suit was filed more than three (3) years after the occurrence of the alleged excess gifts. Def.'s Mem. Supp. of Mot. To Dismiss Count I at 5. In response, Plaintiffs contend that the applicable statute of limitations in this case

11

is six (6) years as specified in N.C. Gen. Stat. § 1-50(a)(2).[6]  Pl.'s Mem. Opp'n at 5. Specifically, Plaintiffs argue that Plaintiffs are not creditors of the estate subject to the deadline imposed by the general notice to creditors, but rather are beneficiaries who have an established right to ensure that the executrix properly fulfills her duties to marshal the assets of the estate. Pl.'s Mem. Opp'n at 5.

Under North Carolina law, "[a] personal representative shall be liable and chargeable in his accounts . . . for any loss to the estate arising from his failure to act in good faith and with such care, foresight and diligence as an ordinarily reasonable and prudent man would act with his own property under like circumstances." N.C. Gen. Stat. § 28A-13-10(c). In *Tyson v. North Carolina National Bank*, 286 S.E.2d 561 (N.C. 1982), the Supreme Court of North Carolina addressed the issue of which statute of limitations applies to an action against an executor for breach of fiduciary duty for the first time. *Tyson* involved a widow seeking to recover damages from the executor of her husband's estate based upon breach of fiduciary duty. The *Tyson* Court reasoned that Plaintiff's claim was "essentially grounded on defendant's alleged failure to exercise reasonable care in marshaling the assets of the estate." *Id.* at 564. The Court determined that the duties and obligations of Defendant with regard to the estate arose upon its qualification as executor and Defendant's acceptance of this position created the fiduciary duty which Plaintiff alleged Defendant to have breached. *Id.* at 565. Accordingly, the Court determined that Defendant's fiduciary duties were essentially contractual in nature and any

---

[6]N.C. Gen. Stat. § 1-50(a)(2) provides: "Within six years an action . . . Against an executor, administrator, collector, or guardian on his official bond, within six years after the auditing of his final account by the proper officer, and the filing of the audited account as required by law."

alleged breach would be akin to a breach of contract, which is subject to the three-year statute of limitations provided by N.C. Gen. Stat. § 1-52(1).[7] The Court also determined that the cause of action against an executor for breach of fiduciary duty arises on the date of the alleged breach, or, at the latest, when the plaintiff discovered the breach. *Tyson*, 286 S.E.2d at 565; *see also Dawn v. Dawn*, 470 S.E.2d 341, 343 (N.C. Ct. App. 1996) ("The statute begins to run when the claimant "knew or, by due diligence, should have known' of the facts constituting the basis for the claim.'" (quoting *Pittman v. Barker*, 452 S.E.2d 326, 332 (N.C. Ct. App. 1995))).

Based on the holding of *Tyson*, the Court finds that the three-year limitations period of N.C. Gen. Stat. § 1-52(1) applies in this case. However, based upon the facts as Plaintiffs allege them, the three-year period has not yet expired and Plaintiffs are therefore not barred from suit. Plaintiffs allege that they did not discover that Defendant, in her capacity as Mr. Clarke's Attorney-in-Fact, had given herself gifts in excess of the annual exclusion amounts until March 22, 2010. Compl. ¶ 57. Consequently, Plaintiffs also did not discover that Defendant breached her fiduciary duties as Executrix of Mr. Clarke's estate by failing to recover those assets for the estate until this time as well. Even taking the earliest date for which Plaintiffs' cause of action could have arisen, the Court finds that, at the earliest, the applicable statutory period could not have accrued until Defendant assumed the position as Executrix, which was at the time of Mr. Clarke's death on March 12, 2009. Plaintiffs filed the instant action on March 11, 2011, well before the earliest date of expiration for the statutory period. Accordingly, the Court finds that Count II is not barred by the statute of limitations.

---

[7]N.C. Gen. Stat. § 1-52(1) provides: "Within three years an action . . . Upon a contract, obligation or liability arising out of a contract, express or implied . . ."

Defendant also argues for dismissal of Count II in her individual capacity, claiming that Plaintiffs do not raise any specific allegation of wrong doing against Defendant except in her representative capacity as Executrix of Mr. Clarke's estate. Def.'s Mem. Supp. of Mot. To Dismiss Count II at 6. However, Defendant cites to no authority prohibiting Plaintiffs from bringing suit against Defendant in both her representative and individual capacities. In fact, a review of North Carolina precedent reveals that it is common practice for beneficiaries to raise a cause of action for breach of fiduciary duty against the executor of the estate in his individual as well as representative capacity. *See, e.g., Terry v. Terry*, 273 S.E.2d 674 (N.C. 1981). Thus, the Court declines to dismiss Count II as to Defendant in her individual capacity. Accordingly, Defendant's Motion to Dismiss Count II is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count I of the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) is **GRANTED in part** and **DENIED in part** and Defendant's Motion to Dismiss Count II of the Complaint pursuant to Rule 12(b)(6) is **DENIED**. Defendant's Motion to Dismiss Count I is **GRANTED** as to Plaintiffs' claims based on the gifts received from 2004 to 2007, but **DENIED** as to Plaintiffs' claims based on the gifts received in 2008 and 2009. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/ Raymond A. Jackson
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
June 27, 2011

14